# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA *ex rel.*,
THE TARBELL GROUP, LLC,

      **Plaintiffs,**

**v.**

**GREENE COUNTY PARTNERSHIP,** *et al.*

      **Defendants.**

**CASE NO. 1:25-CV-110**

## DEFENDANT GREENE COUNTY PARTNERSHIP'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Greene County Partnership ("Greene County"), pursuant to Fed. R. Civ. P. 12(c), states as follows for its Memorandum of Law in Support of its Motion for Judgment on the Pleadings:

### INTRODUCTION

The present action is a *qui tam* action brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729. The FCA is an anti-fraud statute which was enacted to "encourage private individuals who are aware of fraud being perpetrated against the Government to bring such information forward." *United States ex rel. Antoon v. Cleveland Clinic Found.*, 788 F.3d 605, 613–14 (6th Cir. 2015). Although the FCA allows private plaintiffs to bring fraud claims, it is not a means for a private plaintiff to bring a fraud claim based on publicly disclosed information of which the Federal government already has knowledge. *See United States ex rel. Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 958 F. Supp. 2d 846, 855 (E.D. Tenn.

2013). To combat such *qui tam* claims, the FCA includes a statutory bar on claims based on publicly available information. 31 U.S.C. § 3730(e)(4)(A).

The Complaint should be dismissed for three independent reasons. First, the public disclosure bar applies because "substantially the same allegations or transactions as alleged in the [complaint] were publicly disclosed" and otherwise known to the federal government before the filing of the complaint. *Id.* Specifically the loan, forgiveness, and nonprofit-status information Relator bases its entire suit on was publicly available before filing this action. Relator also does not "claim to be the original source of the information." *Id.* Second, the Complaint does not plead the required false claim, fraudulent scheme, scienter, materiality, or injury with the particularity required by Rules 8(a) and 9(b). Third, because those pleading defects arise from the public nature of the information and the absence of nonconclusory allegations, dismissal should be with prejudice. Finally, in light of the reasons supporting dismissal, amendment cannot cure those defects. As such, Relator has failed to state a claim upon which relief may be granted..

## BACKGROUND

In 2020, during the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, among other things, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142, and the American Rescue Plan Act of 2021, Pub. L. 117-2 (the "PPP Program"). Pursuant to the PPP Program, the federal government extended private loans ("PPP Loans") to eligible recipients that were guaranteed, forgiven, and reimbursed by the United

2

States Small Business Administration ("SBA"). As a condition to receiving PPP Loans and, ultimately, forgiveness on those PPP Loans, each applicant was required to certify its eligibility under the PPP Program.

The Complaint alleges that Greene County is a tax-exempt 501(c)(4) organization located in Greeneville, Tennessee. Compl. ¶ 5. The Complaint further alleges that Greene County applied for and received the following PPP Loans: Loan No. 9878577000 on 04/09/2020 in the amount of $59,695.00, of which $60,079.70 was forgiven on 12/09/2020; and Loan No. 3777778404 on 02/05/2021 in the amount of $60,185.65, of which $60,418.03 was forgiven on 06/28/2021. *See* Compl. ¶ 14. In doing so, the Relator alleges that Greene County presented a fraudulent claim for payment or approval by falsely certifying that it was eligible for a PPP Loan and the forgiveness thereof to the injury of the United States. Compl. ¶¶ 16–19.

But all the information alleged concerning Greene County is publicly available on a website operated by the United States government, PandemicOversight.gov, as well as the news website ProPublica.[1] In short, the fact that Greene County received PPP loans in April 2020 and February 2021 and is a 501(c)(4) organization was publicly available before Relator commenced this action.

On April 2, 2025, the Relator commenced this action by filing its Complaint under seal. In its Complaint, the Relator asserted a claim arising under the FCA

---

[1]Greene County's PPP loan information is available at https://projects.propublica.org/coronavirus/bailouts/loans/greene-county-partnership-inc-9878577000 (last accessed July 22, 2026) and https://projects.propublica.org/coronavirus/bailouts/loans/greene-county-partnership-inc-9878577000; Greene County's status as a tax exempt 501(c)(8) entity is available at https://projects.propublica.org/nonprofits/organizations/621552105 (last accessed July 22, 2026).

against another entity as well as all unknown John or Jane Does, alleging that each entity fraudulently received one or more PPP Loans. On September 19, 2025, the United States filed its Notice of Election to Decline Intervention, and the case was then unsealed.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same legal standard as a motion to dismiss under Rule 12(b)(6). *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (citing *W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 629 (6th Cir. 2014); *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)). A complaint should be dismissed under Rule 12(b)(6) if it fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a motion to dismiss, courts view the complaint in the light most favorable to the plaintiff, presume the truth of all well-pleaded factual assertions, and draw every reasonable inference in the non-movant's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Courts should dismiss a complaint where "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Herhold v. Green Tree Servicing., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). To survive dismissal, complaints generally must contain a "short and plain statement of the claim showing that the pleader is entitled

4

to relief." Fed. R. Civ. P. 8(a)(2). But courts are not required to presume the truth of bare legal conclusions stated as facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Further, where a complaint asserts fraud claims, including in FCA cases, Rule 9(b)'s heightened pleading standard requires the claim to be plead with particularity. *See, e.g., Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). As the Sixth Circuit has noted, "at a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *Id*. (citation omitted). The failure to meet this heightened standard requires dismissal of a complaint. *Id*. at 878-79.

## ARGUMENT

To establish a claim under the FCA, the Plaintiff must sufficiently plead the following:

> [1] that the defendant [made] a false statement or create[d] a false record; [2] with actual knowledge, deliberate ignorance, or reckless disregard of the truth or falsity of the information; [3] that the defendant . . . submitted a claim for payment to the federal government; . . . and [4] that the false statement or record [was] material to the Government's decision to make the payment sought in the defendant's claim.

*U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 408 (6th Cir. 2016) (alterations in original).

Under the FCA, any person who knowingly violates the Act is liable for both civil penalties between $ 14,308 and $ 28,619 per claim and three times the amount of damages sustained by the government. *See* 31 U.S.C. § 3729(a)(1)(A). Although the penalties for FCA violations are severe, the FCA only imposes civil liability for

5

"knowingly present[ing] . . . a false or fraudulent claim" to the government "for payment or approval." *Id*. § 3729 (a)–(b). "Knowingly" under the FCA means a person that: "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." *See id*. § 3729(b)(1)(A). Inaccurate claims that were submitted due to negligence or honest mistakes are not actionable under the FCA. *See U.S. ex rel. Howard v. Lockheed Martin Corp*., 14 F. Supp. 3d 982, 993 (S.D. Ohio 2014) ("Simple negligence and innocent mistakes do not meet the level of scienter required by the FCA.") (citation omitted).

The FCA imposes liability on any entity that "**knowingly** presents, or causes to be presented, a false or fraudulent claim" to the United States for payment or approval. 31 U.S.C. § 3729(a)(1)(A) (emphasis added). To promote enforcement and help identify fraudulent conduct, unknown to the government, Congress provided for private "relators" to bring *qui tam* actions on behalf of the United States. *Id*. § 3730(b)(2). An FCA relator who brings such an action is entitled to a portion of the money awarded to the United States in a successful case. *Id*. § 3730(d). The Eastern District of Tennessee recognizes, "[t]he False Claims Act's award to the relator has the side effect of encouraging **opportunistic plaintiffs to bring parasitic lawsuits in the hopes of profiting from public information**." *United States ex rel. White v. Gentiva Health Servs., Inc*., No. 3:10-CV-394-PLR-CCS, 2014 LEXIS 86156, at \*1 (E.D. Tenn. June 25, 2014) (emphasis added). Thus, to promote whistleblowers while preventing opportunistic suits, the FCA prohibits certain *qui*

6

*tam* actions, including those grounded in fraud that has already been publicly disclosed. *Id.*; *see also Rahimi*, 3 F.4th at 822 (6th Cir. 2021) (discussing the public disclosure bar) (quoting *United States ex rel. Maur v. Hage-Korban*, 981 F.3d 516, 521–22 (6th Cir. 2020)).

Relator's complaint is the exact sort of "parasitic" litigation which the FCA public disclosure bar is intended to preclude. *See, e.g., United States ex rel. Rahimi v. Rite Aid Corp.*, 3 F.4th 813, 822 (6th Cir. 2021). The Complaint relies solely on publicly available loan, forgiveness, and nonprofit-status information and adds no nonpublic facts showing that Greene County knowingly submitted a false claim. Further, Relator's complaint fails to meet the basic pleading requirements of Rule 8(a), or to satisfy the requirement that fraud allegations be specifically plead. Accordingly, Relator's complaint should be dismissed.

## I. The Court should dismiss Relator's claims against Greene County because they are prohibited by the public disclosure bar of the FCA.

By enacting the public disclosure bar, the FCA directs that courts "shall dismiss an action or claim . . . if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . in a . . . Federal report, hearing, audit, [] investigation, or . . . from the news media[,] . . . unless . . . the [relator] is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). The public disclosure bar acts to prohibit "individual plaintiffs [from] bring[ing] *qui tam* complaints based on information already in the public domain." *United States ex rel. Hirt v. Walgreen Co.*, 846 F.3d 879, 880 (6th Cir. 2017) (citing 31 U.S.C. § 3730(e)(4)).

Recognizing the prohibition on such parasitic lawsuits, the Sixth Circuit has held: "At the same time that the [FCA] encourages whistleblowers, it discourages 'opportunistic' plaintiffs who merely feed off a previous disclosure of fraud." *Walgreen Co.*, 846 F.3d at 880 (citation omitted). This Court should thus "apply a three-part test to determine whether the public-disclosure bar precludes an otherwise valid FCA claim." *Rahimi*, 3 F.4th at 823 (quoting *Maur*, 981 F.3d at 522). Under this test, courts must ask whether, "before the filing of the *qui tam* complaint, there had been any public disclosures from which fraud might be inferred[;]" then "assess how closely related the allegations in the complaint are to those in the public disclosures[;]" and "ask whether the *qui tam* plaintiff is nevertheless an original source of the information." *Rahimi*, 3 F.4th at 823 (quoting *Maur*, 981 F.3d at 522).

Where "the information about both a false state of facts and the true state of facts has been disclosed, [courts] [will] find that there has been an adequate public disclosure because fraud is implied." *Rahimi*, 3 F.4th at 823–24 (quoting *United States ex rel. Poteet v. Medtronic Inc.*, 552 F.3d 503, 507 (6th Cir. 2009). "[A] public disclosure can also be piecemeal so long as the multiple sources of information reveal the allegation of fraud and its essential elements." *Rahimi*, at 824. The Sixth Circuit has thus distilled the adequate public disclosure requirement down to mean that FCA claims are prohibited when "the exposed elements, taken together, provide adequate notice that there has been a fraudulent transaction[,]" regardless of whether the information that is the basis of the complaint comes from a single, official or unofficial public disclosure, or from multiple. *United States ex rel. Holloway v. Heartland*

8

*Hospice, Inc.*, 960 F.3d 836, 851 (6th Cir. 2020); *see also Stratienko*, 958 F. Supp. 2d at 857 (acknowledging that the information available to the general public which contains enough information "to put the government on notice of the likelihood of related fraudulent activity[,]" even when the disclosure does not explicitly use the word "fraud," is sufficient to trigger the public disclosure bar).

In *Rahimi*, the Sixth Circuit set out the formula which courts must apply when analyzing such claims: "If X + Y = Z, Z represents the *allegation* of fraud and X and Y represent its essential elements." *Rahimi*, 3 F.4th at 824 (quoting *Holloway*, 960 F.3d at 844) (citations omitted). In the present case, Greene County's loan application information as well as its non-profit status were known to the government and the general public as this information is disclosed on the SBA's website, Greene County's social media,[2] and ProPublica. Further, the Relator is not the original source of any information alleged. As such, the present FCA *qui tam* action should be dismissed as it is prohibited by the public disclosure bar, and Relator should not be allowed to personally capitalize on such public information.

Courts within the Sixth Circuit have long recognized the FCA's public disclosure bar in light of other types of fraud cases,[3] such as the present action, and

---

[2] https://www.linkedin.com/company/greene-county-partnership.

[3] *See e.g. United States v. Garman*, 719 Fed. Appx. 459, 464-65 (6th Cir. 2017) (affirming dismissal with prejudice of relator's FCA claims based on the public disclosure bar); *United States ex rel. Maur v. Hage-Korban*, 981 F.3d 516, 529 (6th Cir. 2020) (affirming dismissal of the FCA claims under the public disclosure bar); *United States ex rel. Gilligan v. Medtronic, Inc.,* 403 F.3d 386, 391-92 (6th Cir. 2005) (holding that the public disclosure bar precluded the relator's FCA claims); *United States ex rel. Anderson v. Saint Elizabeth Med. Ctr., Inc.*, 2026 U.S. App. LEXIS 11014, at *13-14 (6th Cir. April 17, 2026) (affirming dismissal of relator's FCA claims as they are precluded by the public disclosure bar or failed to plead with sufficient particularity under the 9(b) heightened standard).

held that it prohibits such *qui tam* actions when they are based on information that is available to the public. This Court should do the same.

**II.     Relator's Complaint fails to satisfy the requirements of Federal Rules of Civil Procedure 8(a) and 9(b) and thus should be dismissed.**

Relator's complaint should be dismissed as it does nothing more than restate the provisions of the FCA, without any specific allegations as to Greene County, which is insufficient to meet the pleading requirements of Fed, R. Civ. P. 8(a) and 9(b)..

Under Rule 8(a), complaints with only "a formulaic recitation of the elements" of a cause of action should be dismissed. *Twombly*, 550 U.S. at 555. Nor are courts required to accept legal conclusions, which are presented as factual allegations, as true. *Ashcroft v. Iqbal*, 556 U.S. at 678–9. Relator's complaint merely recites the elements of an FCA claim and presents legal conclusions that Greene County's loan application and certification violate the FCA. This sort of pleading is clearly prohibited by case law. In fact, Relator's complaint contains no specific allegations as to either Defendant (other than entity status and address), the alleged false claims at issue, how the claims were false, why the claims are material, or who made the claims. Nor does the complaint contain any factual allegations as to the scienter element required by actionable FCA claims—whether Greene County knew or acted with reckless disregard as to the alleged falsity of their PPP eligibility certification. Relator's complaint thus fails to plead "enough **facts** to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (emphasis added).

Relator's complaint also does not "meet the heightened pleading standards of Civil Rule 9(b)" required for all *qui tam* cases brought under the FCA. *Hirt*, 846 F.3d at 880 (citing *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007)). The Sixth Circuit has found that Fed. R. Civ. P. 9(b) requires that *qui tam* plaintiffs "**must** adequately allege the **entire** chain—from start to finish—to fairly show defendants caused false claims to be filed." *U.S. ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2014) (emphasis added).

The heightened pleading standard required by Rule 9(b) was "designed to prevent fishing expeditions, to protect defendants' reputations from allegations of fraud, and to narrow potential wide-ranging discovery to relevant matters." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011) (citations omitted). To meet its heightened burden under Fed. R. Civ. P. 9, the Relator must allege specific information about "(1) the time, place, and content of the alleged misrepresentations, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Chesbrough*, 655 F.3d at 467 (cleaned up) (quoting *Bledsoe*, 501 F.3d at 504). Bare "inferences and implications" are not sufficient to meet the requirements of Rule 9(b), and instead it "demands specifics . . . if the claimant wishes to raise allegations of fraud[.]" *Walgreen Co.*, 846 F.3d at 881. "The identification of at least one false claim with specificity is an indispensable element of a complaint that alleges a False Claims Act violation." *United States ex rel. Owsley v. Fazzi Assocs., Inc.*, 16 F.4th 192, 196 (6th Cir. 2021). Relator has failed to allege the required specifics to satisfy Rule 9(b), and it cannot satisfy the FCA's knowledge element by relying only on public

11

information and conclusory allegations. The Complaint identifies no facts showing that Greene County had actual knowledge, acted in deliberate ignorance, or acted in reckless disregard of any alleged falsity when it applied for the PPP Loans or sought forgiveness.

Notably, Relator alleges no facts that Greene County knew or should have known of its ineligibility for such PPP Loans. *See* Compl. ¶¶ 4–19. Nor does the complaint make any specific allegations as to Greene County's knowledge other than a single recitation of the elements of an FCA cause of action. *Id*. ¶¶ 16–19. Relator's mere recitation of the elements is insufficient. *Ashcroft v. Iqbal*, 556 U.S. at 678 (recognizing "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice."); *see United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 437–38 (6th Cir. 2016) (affirming the dismissal of relator's FCA claims as no specific facts were alleged which supported the requirement that defendant had actual or constructive knowledge, a requirement of all FCA claims).

Although Rule 9(b) does allow knowledge to "be alleged generally," it cannot be presumed, nor can it be based on "inferences and implications." *See Bledsoe*, 501 F.3d at 512–15 (holding that a relator must allege facts which sufficiently support a general allegation of the defendant's knowledge); *Walgreen Co.*, 846 F.3d at 881 (holding that relator's complaint fails to satisfy the specificity requirements of rule

12

9(b) as it contained only impermissible inferences and identified no factual allegations). When a relator has no personal knowledge of the FCA violations, such as the present case, the requirement of specifically alleging knowledge is particularly important. *See Chesbrough*, 655 F.3d at 471–2 ("This court, however, has rejected the argument that a claim should survive a motion to dismiss on the basis that necessary information is exclusively within the defendant's control, even in the context of the less rigorous pleading requirements of Federal Rule of Civil Procedure 8").

Here, Relator's complaint lacks allegations about Greene County's understanding of the PPP Loan program, what beliefs it had, what advice it was given or relied on by financial professionals or other counsel, or the substance of Greene County's internal deliberations regarding applying for or receiving forgiveness for the PPP Loans. Without making such allegations—which the Relator cannot make—the complaint patently fails to meet the requirements of Fed. R. Civ. P. 8(a), which demand facts which show "more than the mere possibility of misconduct[.]" *Ashcroft*, 556 U.S. at 679. For the exact same reasons, Relator's complaint also fails to satisfy Rule 9(b)'s requirement that the complaint must allege specific information about "(1) the time, place, and content of the alleged misrepresentations, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Chesbrough*, 655 F.3d at 467 (cleaned up).

## CONCLUSION

For these reasons, Greene County requests that the Court render a judgment on the pleadings in its favor, or, in the alternative, dismiss the Relator's claims against it with prejudice.

**CHARTWELL LAW**

By: s/Everett L. Hixson III
Everett L. Hixson III (BPR No. 033345)
rhixson@chartwelllaw.com
100 W. MLK Blvd., Ste 300
Chattanooga, TN 37402
Telephone:　(423) 910-2200
Facsimile:　(423) 373-1435
*Attorney for Greene County Partnership*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2026 a true and exact copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**CHARTWELL LAW**

By:s/Everett L. Hixson III

14