**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **UNITED STATES OF AMERICA *ex rel.*, THE TARBELL GROUP, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GREENE COUNTY PARTNERSHIP, *et al.***<br><br>**Defendants.** | **CASE NO. 1:25-CV-110** |

**DEFENDANTS GREENE COUNTY PARTNERSHIP, INC. AND JEFFREY D. TAYLOR'S MOTION FOR LEAVE TO FILE A LIMITED SUMMARY JUDGMENT MOTION ON THE PUBLIC-DISCLOSURE BAR, OR ALTERNATIVELY, TO MODIFY SCHEDULING ORDER**

Defendants Greene County Partnership ("GCP") and Jeffrey D. Taylor move for leave to file an early, limited motion for summary judgment addressing only whether the False Claims Act's public-disclosure bar requires dismissal of this action. To the extent such leave requires modification of the Scheduling Order, Defendants alternatively request a limited modification permitting the proposed motion without altering the remaining deadlines. Defendants have consulted with counsel for Relator, and counsel does not oppose the relief requested.

In support, Defendants state as follows:

1. Relator brings claims under the False Claims Act arising from GCP's receipt and forgiveness of two Paycheck Protection Program loans. Relator alleges that GCP was ineligible for those loans because of its federal tax-exempt classification

and that Mr. Taylor made or caused the challenged eligibility certifications on GCP's behalf. (Doc. 47.)

2. The operative Scheduling Order requires all summary-judgment motions to be filed as soon as possible and no later than May 3, 2027. (Doc. 40.)

3. Defendants understand that the Court generally prefers a party to file a single motion for summary judgment unless the Court orders otherwise. Defendants therefore seek express permission before filing a separate, limited motion addressing the public-disclosure bar.

4. On September 14, 2026, this Court entered an order in *United States ex rel. The Tarbell Group LLC v. Bristol TN-VA Association of Realtors, et al.*, Case No. 1:25-cv-111, denying motions to dismiss that raised the same public-disclosure issue presented here. (Case No. 1:25-cv-111, Doc. 149.)

5. The related action involves the same Relator, materially similar False Claims Act claims arising from allegedly ineligible Paycheck Protection Program loans, and the same asserted public-disclosure defense.

6. In the related action, the Court concluded that the evidence presented at the pleading stage was insufficient to establish the public-disclosure bar but suggested a significant likelihood that the bar would apply at summary judgment.

7. The Court further determined that proceeding with discovery before resolving that potentially dispositive issue would inefficiently consume the parties' time and resources.

8. The Court therefore ordered an expedited, separate summary-judgment motion limited exclusively to the public-disclosure bar. The Court directed the defendants in that action to file a joint motion by October 5, 2026, supported by an appendix containing the evidence on which they rely, and directed Relator to respond by October 26, 2026.

9. The same considerations support allowing an early, limited summary-judgment motion here. The public-disclosure issue is potentially dispositive and can be addressed through a focused evidentiary record concerning the information publicly available before Relator commenced this action.

10. Federal Rule of Civil Procedure 56 permits a party to seek summary judgment on all or part of a claim or defense. An early, limited motion will permit the Court to resolve a threshold issue without requiring the parties first to complete discovery unrelated to that issue.

11. Allowing the proposed motion will promote efficiency, conserve party and judicial resources, and permit consistent treatment of materially similar claims pending before the same Court.

12. Defendants do not seek to delay these proceedings. They request permission to file the limited motion on or before October 5, 2026. Defendants propose that Relator respond on or before October 26, 2025, and that Defendants file any reply on or before November 2, 2026.

13. Defendants will confine the proposed motion to the public-disclosure bar and will submit the evidence supporting the motion in an appendix consistent with the Court's summary-judgment procedures.

14. Because the existing Scheduling Order permits summary-judgment motions through May 3, 2027, Defendants do not understand that their request necessarily requires an extension of any existing deadline. The requested relief instead concerns the timing and separate filing of a threshold motion before the parties complete general discovery.

15. If the Court determines that the proposed filing requires modification of the Scheduling Order, good cause exists for a limited modification. The Court entered the related-case order after entry of the Scheduling Order in this action, and that order identified a potentially dispositive issue whose early resolution may avoid unnecessary discovery and expense.

16. Defendants do not presently request changes to the discovery deadline, dispositive-motion deadline, final pretrial conference, trial date, or any other existing deadline. Defendants request only authorization to file the limited motion separately and before any later motion addressing other grounds for summary judgment.

17. If the limited motion does not resolve the entire action, Defendants respectfully request that permission to file it not waive or otherwise impair their ability to file one later motion for summary judgment addressing any remaining claims or defenses by the May 3, 2027 deadline.

For these reasons, Defendants Greene County Partnership, Inc. and Jeffrey D. Taylor respectfully request that the Court:

A. Defendants leave to file, on or before October 5, 2026, a separate and limited motion for summary judgment addressing only the False Claims Act's public-disclosure bar;

B. Establish a corresponding expedited response and reply schedule;

C. Confirm that filing the limited motion will not preclude Defendants from filing one later motion for summary judgment addressing any remaining claims or defenses by the existing May 3, 2027 deadline;

D. Alternatively, modify the Scheduling Order to the limited extent necessary to authorize the requested filing and preserve Defendants' ability to file a later motion for summary judgment on any remaining issues; and

E. Grant such other relief as the Court deems just and appropriate.

**CHARTWELL LAW**

By: s/ Everett L. Hixson III
Everett L. Hixson III (BPR No. 033345)
rhixson@chartwelllaw.com
100 W. MLK Blvd., Ste 300
Chattanooga, TN 37402
Telephone: (423) 910-2200
Facsimile: (423) 373-1435
*Attorney for Greene County Partnership*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 21, 2026 a true and exact copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**CHARTWELL LAW**

By:s/Everett L. Hixson III________