**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | |
|---|---|
| United States of America ex rel. The Tarbell Group, LLC,<br><br>Plaintiff<br><br>v.<br><br>Greene County Partnership Inc., Jeffrey D. Taylor, and Unknown John or Jane Does,<br><br>Defendants | Case no. 1:25-cv-110-TRM-CHS |

**DECLARATION OF BRUCE ELLIS FEIN UNDER RULE 56(d)**

I, Bruce Ellis Fein, declare as follows:

1. I am counsel for plaintiff-relator The Tarbell Group, LLC ("Relator") in this action and a member in good standing of the bar of the Commonwealth of Virginia, admitted in this action pro hac vice. I make this declaration under Federal Rule of Civil Procedure 56(d) in support of Relator's opposition to the motion for summary judgment filed by defendants Greene County Partnership, Inc. ("GCP") and Jeffrey D. Taylor (the "Movants"). The facts stated here are within my personal knowledge.

2. The course of the case is as follows. Relator served GCP on January 30, 2026, and GCP answered on April 9, 2026. Doc. 28. The Court's stay of deadlines was lifted on July 8, 2026, Doc. 37, and the parties conferred under Rule 26(f) and filed their report on July 17, 2026. Doc. 39. That report lists, as the first subject on which discovery may be needed, "Defendant's PPP loan application(s), forgiveness application(s), and supporting documentation (including discovery from Defendant's lender and the Small Business Administration)," and stated that GCP "intends to address the possibility of securing a stay of discovery while any of Defendant's forthcoming dispositive motions are pending." Doc. 39, § B. The Scheduling Order was entered on July 27, 2026, Doc. 40, and GCP moved for

judgment on the pleadings the same day. Doc. 41. The parties exchanged initial disclosures on August 14 and 17, 2026. Relator moved for leave to amend on September 9, 2026, Doc. 45, the Court granted leave on September 14, 2026, Doc. 46, and the First Amended Complaint was filed that day. Doc. 47. On September 21, 2026, the Movants moved, without opposition from Relator, for leave to file a limited motion for summary judgment on the public-disclosure bar, Doc. 50, which the Court granted on October 5, 2026, while denying the motion for judgment on the pleadings with leave to refile. Doc. 51. Relator signed the stipulation reproduced at Appendix 1-2 on October 10, 2026, and the Movants filed this motion on October 13, 2026. Docs. 52, 53. Until November 3, 2026, no party had served a discovery request in this action, and no party has produced documents.

3. A true copy of GCP's initial disclosures, served August 17, 2026, is attached as Exhibit A. GCP there identifies documents "related to Defendant's PPP loan applications" and "related to Defendant's application for forgiveness for its PPP loans," and states that they are located at GCP, at its counsel, and at its lender, Andrew Johnson Bank. Ex. A, at 4. GCP identifies an officer of Andrew Johnson Bank as a witness to "communications exchanged with Defendant's representatives with respect to Defendant's business operations, organizational structure, and tax-exempt status," and representatives of the Tennessee Hospitality & Tourism Association as witnesses to GCP's "status as a Destination Marketing Organization." Ex. A, at 3.

4. If the Court concludes that the content of GCP's applications for its Paycheck Protection Program loans, or of its applications for forgiveness of those loans, bears on whether the sources in the Movants' appendix disclosed substantially the same allegations or transactions as the First Amended Complaint alleges, Relator requires discovery of the following documents from GCP, from Andrew Johnson Bank, and, if necessary, from the Small Business Administration: (a) GCP's completed Borrower Application Form for its first-draw

loan (SBA Form 2483, in whatever version GCP used) and its completed application for its second-draw loan (SBA Form 2483-SD), with every addendum and attachment submitted with each, and (b) GCP's completed loan forgiveness application for each loan (SBA Form 3508, 3508EZ, or 3508S, in whatever version GCP used), with every attachment submitted with each.

5. Those documents would show facts that no source in the Movants' appendix shows: which form and which version of the form GCP submitted on each occasion, the certifications GCP made and initialed, the business type and tax status GCP reported to its lender and to the Small Business Administration, the number of employees and payroll figures GCP reported, who signed on GCP's behalf, and what, if anything, GCP attached to explain or qualify its answers. The appendix contains no completed application. It contains a blank application form with a "Check One" list of business types that has no entry for an organization described in section 501(c)(4), App'x 115, a spreadsheet entry describing GCP as a "Corporation" on both loans, App'x 27, and three different blank forgiveness forms with different certifications, App'x 124-41, one of which was revised after GCP's second-draw loan was forgiven. The Movants' memorandum states that it cannot determine from the pleadings which forgiveness form GCP used. Doc. 53, at 13. If GCP checked "Other" and attached a statement of its classification, disclosed its classification to its lender, or used a version of the form that listed additional eligible categories, the representation it made would differ from the unqualified certification of eligible-nonprofit status that the Movants infer from the blank form, and a public record could not be substantially the same as a representation that was never made. The forgiveness applications used different forms with different certifications, and the same is true of them.

6. If the Court concludes that GCP's eligibility as a destination marketing organization under the Economic Aid Act bears on the motion, Relator also requires discovery from GCP of the documents showing, for the periods relevant to its second-draw loan and the

forgiveness of that loan, the share of GCP's receipts derived from lobbying activities, the share of its total activities devoted to lobbying, the cost of its lobbying activities during the most recent tax year that ended before February 15, 2020, the number of its employees, and the activities by which it marketed and promoted Greene County to businesses and leisure travelers. GCP's answer asserts that GCP is a destination marketing organization and "met the criteria for eligibility for PPP Program loans," Doc. 28, at 3, and the First Amended Complaint alleges that it did not. Doc. 47, ¶ 25. The Form 990 in the appendix, for tax year 2021, reports seven employees for that year and describes the activities of GCP's Tourism Council, App'x 42-43, 73, and its Schedule C reports that GCP's lobbying expenditures were not confined to in-house expenditures of $2,000 or less, without stating an amount. App'x 59. It does not state the share of GCP's receipts or activities devoted to lobbying in the period of the second-draw application, the cost of its lobbying in the tax year that ended before February 15, 2020, or its employee count when it applied.

7. Relator has not previously obtained these documents because they are not public and have not been produced. Discovery has been open since the parties' Rule 26(f) conference in July 2026, and Relator does not contend that it was stayed. GCP stated in the Rule 26(f) report that it intended to address the possibility of a stay of discovery while its dispositive motions were pending, moved for judgment on the pleadings the day the Scheduling Order was entered, and, with Mr. Taylor, filed this motion twenty-nine days after the First Amended Complaint was filed. On November 3, 2026, Relator served on GCP a request for production of the documents described in paragraphs 4 and 6. GCP's response is due thirty days after service, Fed. R. Civ. P. 34(b)(2)(A), on December 3, 2026. Relator did not oppose the Movants' request for leave to file this motion because, on the record established by the stipulation, the public-disclosure bar presents a question of law that does not depend on what GCP's applications contain. Relator makes this request only in the alternative, in the event the Court concludes that

the content of those applications, or GCP's status as a destination marketing organization, is material to the motion.

8. The discovery described above is narrow. The documents described in paragraph 4 consist of two applications and two forgiveness applications, with attachments, for the two loans at issue, and the documents described in paragraph 6 are records that GCP maintains in the ordinary course. All of them can be obtained by requests for production directed to GCP and, if necessary, a subpoena to Andrew Johnson Bank, within sixty days.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 3, 2026.

Respectfully submitted,

*/s/ Bruce Ellis Fein*

Bruce Ellis Fein
Bruce Ellis Fein PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
Attorney for Relator

# EXHIBIT A

**Initial Disclosures of Defendant Greene County Partnership, Inc.**

**served August 17, 2026**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **UNITED STATES OF AMERICA *ex rel.*, THE TARBELL GROUP, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GREENE COUNTY PARTNERSHIP, *et al.***<br><br>**Defendants.** | **CASE NO. 1:25-CV-110** |

**DEFENDANT GREENE COUNTY PARTNERSHIP'S**
**INITIAL DISCLOSURES**

Defendant Greene County Partnership ("Greene County" or "Defendant") through counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), make the following initial disclosures.

**Initial Statement**

These disclosures are made solely for purposes of this proceeding. Defendant reserves all objections, including objections based on competency, relevance, materiality, privilege, admissibility, and any other applicable grounds. Nothing in these disclosures waives any such objections, which are expressly preserved and may be raised at any appropriate time, including at trial.

Defendant has not yet completed discovery or trial preparation. These disclosures are based on information presently known and reasonably available to Defendant, and on information Defendant may use to support its defenses. By making these disclosures, Defendant does not represent that it has identified every

potentially relevant document, electronically stored information, tangible thing, or witness, and these disclosures are not intended as, and shall not be construed as, any admission.

Defendant's investigation is ongoing, and it may amend or supplement these disclosures as additional information becomes available. Defendant therefore reserves the right to identify additional witnesses, documents, and information, and to rely on facts and testimony developed through discovery, further investigation, or at trial. Defendant also reserves the right to use documents, electronically stored information, and tangible things obtained from other parties during discovery.

Each of the disclosures below is made subject to these reservations.

**Initial Disclosures**

**I. Individuals likely to have discoverable information.**

The following table lists individuals likely to have discoverable information that Defendant may use to support its claims in this proceeding, along with the subjects of such information (unless they will be used solely for impeachment):

| **Item No.** | **Name of individual likely to have discoverable information** | **Subject matter of discoverable information** |
|---|---|---|
| **1** | Jeffrey D. Taylor<br>President/CEO Greene County Partnership<br>115 Academy Street<br>Greeneville, TN 37743 | • Knowledge of Defendant's business operations, including the operation of and its relationship with its charitable foundation and its award history;<br>• Roles of Defendant's officers and employees<br>• The existence, location, and contents of business records, |

| | | |
|---|---|---|
| | | including financial and payroll records<br>• Information reflected in the Defendant's business records concerning the PPP loan applications, forgiveness process, and use of funds |
| **2** | Doug Debusk<br>Executive Vice President<br>Andrew Johnson Bank<br>124 N. Main Street<br>Greeneville, TN 37743 | • Knowledge of communications sent to potential clients on behalf of the bank for PPP loans |
| **3** | Unknown Representatives of<br>Andrew Johnson Bank<br>124 N. Main Street<br>Greeneville, TN 37743 | • knowledge of PPP loan application process, approval of loan, submission of documents for application and forgiveness, and communications with the Defendant |
| **4** | Shane R. Hite<br>Senior Executive Vice President, COO<br>Andrew Johnson Bank<br>124 N. Main Street<br>Greeneville, TN 37743 | • Knowledge of Defendant's PPP loan applications process, submission of documents<br>• Knowledge of communications exchanged with Defendant's representatives with respect to Defendant's business operations, organizational structure, and tax-exempt status |
| **5** | Unknown representatives of<br>Tennessee Hospitality & Tourism Association<br>2630 Elm Hill Pike, Suite 110<br>Nashville, TN 37214 | • Knowledge of Defendant's status as a Destination Marketing Organization, including knowledge that Defendant was awarded DMO of the Year (Small Budget) for its industry awards |

## II. Description of documents, electronically stored information, or tangible things

The following table lists documents, electronically stored information or tangible things that are in the possession, custody, or control of Defendant or their counsel that may be used to support their claims in this proceeding (unless they will be used solely for impeachment):

| **Item No.** | **Category of document, electronically stored information, or tangible thing** |
|---|---|
| **1** | Non-privileged documents and electronically stored information and things related to Defendant's PPP loan applications |
| **2** | Non-privileged documents and electronically stored information and things related to Defendant's application for forgiveness for its PPP loans |
| **3** | Non-privileged documents and electronically stored information and things related to Defendant's business operations, including organizational documents, tax records, governance, awards, and relationship with affiliated entities |
| **4** | Publicly available information related to Defendant's PPP loan applications, its applications for forgiveness, and its tax-exempt status |

The above items are located at various places, including the internet, Defendant's place of business, and Defendant's lender. Thos addresses are:

| **No.** | **Name** | **Address** |
|---|---|---|
| **1** | The Chartwell Law Offices, LLP | 100 W. Martin Luther King Blvd., Suite 300<br>Chattanooga, TN 37402 |
| **2** | Andrew Johnson Bank | 124 N. Main Street<br>Greeneville, TN 37743 |
| **3** | Greene County Partnership | 115 Academy Street<br>Greeneville, TN 37743 |
| **4** | ProPublica | propublica.org |

| | | |
|---|---|---|
| | | |

## III. A computation of each category of damages

Not applicable.

## IV. Any insurance agreements

Will be produced

**CHARTWELL LAW**

By: s/ Everett L. Hixson III
Everett L. Hixson III (BPR No. 033345)
rhixson@chartwelllaw.com
100 W. MLK Blvd., Ste 300
Chattanooga, TN 37402
Telephone: (423) 910-2200
Facsimile: (423) 373-1435
*Attorney for Greene County Partnership*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 17, 2026 a true and exact copy of the foregoing document was served electronically on the following:

Bruce Ellis Fein, Esq.
bruce@newdream.net
P.O. Box 506
Great Falls, VA 22066

**CHARTWELL LAW**

By:s/Everett L. Hixson III